UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
ROBERT DOYLE,                  )
                               )
       Plaintiff,              )
                               )
       v.                      )    NO. 3:06-0048
                               )
NEW YORK UNIVERSITY,           )    Judge Campbell/Bryant
                               )
       Defendant.              )
```

**TO: The Honorable Todd J. Campbell**

### REPORT AND RECOMMENDATION

This pro se civil matter was referred to the Magistrate Judge for a report and recommendation on any dispositive pretrial motions (Docket Entry No. 2). By order entered September 12, 2006, this case was reassigned to the undersigned (Docket Entry No. 24).

Pending before the Court is Plaintiff's Motion to Dismiss Defendant's Counterclaim (Docket Entry No. 18). For the reasons stated below, the undersigned **RECOMMENDS** that Plaintiff's motion be **DENIED**.

Although Plaintiff's motion does not state the legal grounds for his motion, his accompanying "Affirmation in Support of Plaintiff's Motion to Dismiss Counterclaim" (Docket Entry No. 19), liberally construed in favor of Plaintiff, sets forth the following grounds: (1) failure to state a claim under Rule 12(b)(6) because Defendant New York University ("NYU") has previously commenced a state court action in New York seeking the same relief as that

sought in its counterclaim; estoppel based upon the New York state court action; and lack of subject matter jurisdiction over the counterclaim.

The allegations of the complaint. Plaintiff alleges that he was a student at NYU from 1986 through 1988, and that during that time NYU loaned him money pursuant to the National Direct Student Loan Program. Plaintiff alleges that he repaid part of his student loan, and then sought to have the balance of his loan obligation discharged based upon his physical disability. Plaintiff alleges that thereafter his physical condition improved enough to permit him to continue his education at Vanderbilt University Law School. However, Plaintiff asserts that his application for a federally guaranteed student loan to attend Vanderbilt was denied because NYU wrongfully reported to Vanderbilt that his student loan at NYU was in default. Plaintiff seeks a judicial determination that his NYU student loan has been discharged, and seeks damages against NYU for libel and breach of contract.

The NYU counterclaim. Defendant NYU denies that Plaintiff's student loan obligation has been discharged or otherwise satisfied and, by way of counterclaim, seeks recovery of the unpaid balance of $2,642.70, plus interest, costs, expenses and attorney fees.

## Analysis

Rule 12(b)(6). Plaintiff, in paragraph 1 of his "Affirmation in Support of Plaintiff's Motion to Dismiss Counterclaim" (Docket Entry No. 19), states that the counterclaim "fails to state a cause of action." Plaintiff fails to explain why the counterclaim fails to state a cause of action, but he asserts that, because NYU has previously commenced a state court action in New York seeking the same relief as that sought in its counterclaim, it is "estopped" from prosecuting its claim here. However, the doctrine of "prior suit pending" does not apply in federal court where the earlier suit is in state court and the later suit is in federal court. Southland Mall, Inc. v. Garner, 293 F.Supp. 1370, 1371-72 (W.D. Tenn. 1968). Moreover, a claim may be dismissed under Rule 12(b)(6) for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). In ruling on a motion to dismiss for failure to state a claim, the court is required to accept all material allegations in the pleading as true and draw all reasonable inferences in a light most favorable to the non-moving party. Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995). Under this standard of review, the undersigned finds that NYU's

counterclaim states a claim upon which relief can be granted, and is not subject to dismissal on this ground.

Lack of subject matter jurisdiction. In paragraphs 2 and 3 of his "Affirmation in Support of Plaintiff's Motion to Dismiss Counterclaim," Plaintiff asserts that the loan contract upon which NYU bases its counterclaim was executed in New York while he was a student there and, therefore, that the State of Tennessee has no factual nexus to the transaction that would give this court subject matter jurisdiction over the counterclaim. (Plaintiff contrasts his own claims for breach of the loan contract and libel, which he says occurred in Tennessee. "Affirmation," paragraphs 4-5).

Despite Plaintiff's arguments, the undersigned finds that the claim asserted by NYU in its counterclaim is a compulsory counterclaim under Rule 13(a). Rule 13(a) states in pertinent part as follows:

> Compulsory counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, . . . ."

The exception to Rule 13(a) quoted – the pleader need not state the claim if at the time the action was commenced the claim was the subject of another pending action – is not mandatory. 6 Charles

4

Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1411 (3d ed. 2004). If the Defendant elects to interpose the pending claim as a counterclaim, however, he should be allowed to do so, and the counterclaim will be treated as if it were compulsory and thus under the ancillary jurisdiction of the court. Id.; Brach v. Amoco Oil Co., 677 F.2d 1213, 1226 (7th Cir. 1982); H. L. Peterson Co. v. Applewhite, 383 F.2d 430, 433 n.3 (5th Cir. 1967). Moreover, in a suit for damages for an asserted breach of a contract, a claim for payments due has been held to be a compulsory counterclaim. See Warshawsky & Co. v. Arcata Nat. Corp., 552 F.2d 1257, 1261 (7th Cir. 1977); Platt & Munk Co. v. Republic Graphics, Inc., 315 F.2d 847 (2d Cir. 1963).

Here, the merit of all three counts in Plaintiff's complaint depends upon a judicial determination that the NYU loan contract has been fully discharged and that Plaintiff has no further obligation thereunder. NYU's counterclaim for payment under the loan contract also rises or falls upon that same determination. The undersigned finds that NYU's counterclaim arises out of the same transaction or occurrence as the subject matter of the Plaintiff's claims – the NYU loan contract. Therefore, NYU's counterclaim is compulsory under Rule 13(a) and thus under the ancillary jurisdiction of this Court.

5

For the reasons stated above, the undersigned **RECOMMENDS** that Plaintiff's Motion to Dismiss Defendant's Counterclaim (Docket Entry No. 18) be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court.  Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections.  Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 17th day of January, 2007.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge