UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT DOYLE, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:06-0048 |
| NEW YORK UNIVERSITY, | ) Judge Campbell/Bryant |
| | ) **Jury Demand** |
| Defendant. | ) |

**TO: The Honorable Todd J. Campbell**

### REPORT AND RECOMMENDATION

This case was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) for case management and report and recommendation on any dispositive motions (Docket Entry No. 2). Thereafter this case was reassigned by Magistrate Judge Griffin to the undersigned (Docket Entry No. 24).

### Statement of the Case

Plaintiff Robert Doyle, proceeding pro se and in forma pauperis, filed this action alleging breach of contract and libel against defendant New York University ("NYU") with respect to his federally guaranteed student loan at that institution. Plaintiff seeks declaratory relief discharging his loan obligation and compensatory damages. Defendant NYU has filed an answer denying liability and a counterclaim seeking recovery of the unpaid balance of Mr. Doyle's student loan in the amount of $2,642.70, plus interest, costs, expenses and attorney fees.

Defendant NYU later filed its Motion To Compel Responses to Written Discovery and Rule 26(a)(1) Initial Disclosures (Docket Entry No. 22). Plaintiff filed his response in opposition to this motion and his own motion to enlarge time for discovery (Docket Entry No. 25). NYU obtained leave to file a reply, and did so (Docket Entry Nos. 27 and 28). The undersigned overruled objections by plaintiff, granted defendant's motion to compel, and ordered plaintiff to serve responses to certain of defendant's interrogatories and requests for production by February 15, 2007 (Docket Entry No. 40). Defendant thereafter filed its motion to dismiss pursuant to Rule 37 for plaintiff's failure and refusal to serve supplemental discovery responses, as previously ordered by the Court (Docket Entry No. 45). After plaintiff failed to respond to this motion, the undersigned entered an order directing the plaintiff to show cause by June 1, 2007, why defendant's motion to dismiss should not be granted (Docket Entry No. 47).

On June 1, 2007, plaintiff filed his response to the Court's order to show cause (Docket Entry No. 49). Plaintiff concedes in his response that he has not "entirely" responded to defendant's written discovery, and he offers two reasons. First, plaintiff states that his "health situation has been bad for the past several months," and that he has experienced "excruciating

2

head pain."[1] Second, plaintiff states that, because of his health problems, he has offered to "withdraw" his complaint if defendant NYU would reciprocate by dismissing its counterclaim. Plaintiff attached to his response copies of two e-mails, dated March 14 and March 15, 2007, respectively, exchanged between plaintiff and Mr. Grae, counsel for NYU, that discuss a possible mutual dismissal of claims by these parties. These e-mails are now almost two months old, yet the parties have filed nothing to suggest that the discussions in these e-mails have progressed to an agreed disposition of claims in this case.

In summary, from the record before the Court, it appears that despite being ordered on January 19, 2007, to serve supplemental discovery responses, plaintiff has not "entirely" done so. Plaintiff concludes his response by stating: "If, however, NYU does not agree [to a mutual dismissal of all claims], I will then request that this Court grant me additional time for discovery, so that I can prosecute and defend the case properly." Plaintiff was, and is, under an order to serve supplemental discovery responses by February 15, 2007. He admits that he has not "entirely" complied with the order of the Court, nor has he moved for an extension of time within which to comply. The deadline for completion of discovery has expired. The undersigned concludes that dismissal of

---

[1] Notably, plaintiff offers no medical records supporting his illness or resulting treatment.

Plaintiff's Amended Complaint, pursuant to Rule 37(b)(2)(C), Federal Rules of Civil Procedure, for failure to obey an order compelling discovery, is appropriate.

### Recommendation

For the reasons stated above, the undersigned hereby **RECOMMENDS** that defendant's Motion To Dismiss Plaintiff's Claim for His Failure To Comply With the Court's Order of January 19, 2007 be **GRANTED**, and the plaintiff's Amended Complaint be **DISMISSED**, pursuant to Rule 37(b)(2)(C).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 14th day of June, 2007.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge